Sangeta Devi **SHARMA,** Petitioner,

v.

**Alberto R. GONZALES,** Attorney General, Respondent.

**Sangeta Devi Sharma,** Petitioner,

v.

**Alberto R. Gonzales,** Attorney General, Respondent.

Nos. 04–71292, 04–73394.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2006.

Submission Withdrawn April 6, 2006.

Resubmitted Sept. 20, 2006.

Filed Sept. 22, 2006.

Joseph J. Siguenza, Esq., Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Sangeta Devi Sharma.

DOJ—U.S. Department of Justice, Carol Federighi, Esq., Linda S. Wernery, Esq., Thankful T. Vanderstar, Esq., Terri J. Scadron, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Alberto R. Gonzales.

Before: GOODWIN, B. FLETCHER and FISHER, Circuit Judges.

MEMORANDUM *

Sangeeta Devi Sharma, a Fijiian national of Indian descent, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order denying her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, see *Padash v. INS*, 358 F.3d 1161, 1165 (9th Cir.2004), we grant the petition for review, and remand for further proceedings.[1]

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Sharma testified that days before fleeing to the United States, a native Fijiian called her home and threatened to rape and kill her. This testimony, which the IJ found to be credible, viewed cumulatively along with evidence of a long and consistent pattern of violent robberies, vandalism, harassment and discrimination endured by Sharma and her family compels a finding of past persecution. See *Mashiri v. Ashcroft*, 383 F.3d 1112, 1119–21 (9th Cir.2004). The IJ's finding that there is no evidence in the record that the threat was directed at Sharma rather than her sister is in conflict with Sharma's testimony both at the hearing and in a written statement that the threat was directed at her in particular. Moreover, to the extent the IJ found Sharma's testimony lacking as to the details of her persecution, it was the IJ's duty to develop the record to fill in any material gaps. *Shoafera v. INS*, 228 F.3d 1070, 1075 (9th Cir.2000).

The IJ's finding that Sharma failed to show the persecution was on account of her ethnicity also contradicts substantial record evidence, including Sharma's uncontroverted credible testimony that she was persecuted because she is Indian, see *id.*, and that most if not all of her attackers were native Fijiians. That testimony was corroborated by testimony from Sharma's sister and documentary evidence. Moreover, it makes no difference that Sharma's persecutors may have been motivated by financial gain in addition to discriminatory animus; mixed motives are sufficient in this context. See *Borja v. INS*, 175 F.3d 732, 736 (9th Cir.1999) (en banc).

1. Because we grant the petition with regard to Sharma's asylum claim, we do not reach her challenge to the BIA's denial of her motion to reopen or her claim for relief based on the Convention Against Torture.

Finally, the IJ's finding that the government would have protected Sharma from persecution is not supported by substantial evidence. Sharma testified that she was denied medical treatment and that law enforcement was unwilling to investigate her persecution. This testimony is supported by documentary evidence in the record. Nor was it proper for the IJ to deny relief because Sharma gave up on seeking medical treatment. *See Lopez v. Ashcroft,* 366 F.3d 799, 803 (9th Cir.2004) (noting that an applicant's failure to "seek medical treatment ... is hardly the touchstone of whether [the harm] amounted to persecution").

We conclude that Sharma has demonstrated past persecution. Because the government has presented no evidence of changed country conditions, Sharma is eligible for asylum. *See Baballah v. Ashcroft,* 367 F.3d 1067, 1078–79 & n. 11 (9th Cir.2004). We therefore remand to the BIA so that the Attorney General may exercise discretion in determining whether to grant such relief. *See id.*

A presumption also arises that Sharma is entitled to withholding of removal. *Id.* at 1079. Because the government has failed to rebut this presumption, we conclude that it is "more likely than not that [Sharma] would be subject to persecution" upon returning to Fiji. *See id.* Therefore, Sharma is entitled to withholding of removal.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.